UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-6193-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his application for a Period of Disability and Disability Insurance Benefits (DIB).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff was born in 1977, has at least a high school education, and previously worked as a scientific linguist and served in the armed forces.  AR 245, 700.  Plaintiff was last gainfully employed on December 1, 2016.  AR 237.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 1

On May 30, 2019, Plaintiff applied for benefits, alleging disability as of December 1, 2016. AR 235. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. After the ALJ conducted a hearing on March 5, 2020, the ALJ issued a decision finding Plaintiff not disabled. AR 232-51. On October 22, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since December 1, 2016.

**Step two**: Plaintiff has the following severe impairments: posttraumatic stress disorder (PTSD); depressive disorder; and status post traumatic brain injury (TBI) with neurocognitive disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform a full range of work at all exertional levels subject to a series of nonexertional limitations.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 235-46

//

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

# LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# DISCUSSION

Plaintiff argues the ALJ erred by misevaluating the medical evidence, by discounting his testimony, by discounting lay witness testimony, and by failing to give valid reasons to discount the Department of Veterans Affairs (VA) disability rating. Plaintiff also argues evidence submitted to the Appeals Council undermines the ALJ's decision. The Commissioner argues the

ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Erred in Evaluating the Medical Evidence

In assessing Plaintiff's May 2019 applications for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the Ninth Circuit. *See* Dkt. 15 at 2-4. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions. It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

       *1. James Hopfenbeck, M.D.*

Dr. Hopfenbeck examined Plaintiff on February 7, 2020, assessed Plaintiff "fully meets stipulations for a diagnosis of PTSD, originating from and clearly due to his military service, across all criteria," and opined "if he tried to return to work, he would be constantly kept off-task by panic and other highly distracting symptoms, unable to tolerate minimal stresses, would be hostile and aggressive toward coworkers and supervisors, miss numerous days, and be unable to function for long periods." AR 1121. Dr. Hopfenbeck further opined Plaintiff "was a responsible soldier, meets his responsibilities toward his children, but his condition is not likely to improve[.]" AR 1121.

The ALJ first discounted Dr. Hopfenbeck's opinion as inconsistent with the doctor's mental status examination and another mental status examination in the record. AR 244. However, Plaintiff's performance on mental status examinations – conducted in a closed and sterile setting with psychiatric professionals – is not reasonably inconsistent with Dr. Hopfenbeck's opined limitations concerning Plaintiff's panic, ability to tolerate workplace stressors, hostility and aggression toward coworkers and supervisors, and absenteeism. The ALJ accordingly erred by discounting Dr. Hopfenbeck's opinion on this ground.

The ALJ also discounted Dr. Hopfenbeck's opinion as inconsistent with Plaintiff's "mental health treatment history," *i.e.*, "no psychiatric hospitalization, no psychotropic medication use, and minimal counseling." AR 244. The ALJ's reasoning is legally erroneous. First, the ALJ's finding as to "no psychotropic medication use" is contrary to Ninth Circuit precedent. *See Carmickle v. Commiss'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("Carmickle testified that he does not take other pain medication because of adverse side effects . . . on this record Carmickle's minimal treatment is not a proper basis to find him not credible.").

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

1   Dr. Hopfenbeck indicated Plaintiff's "hesitation in taking psychotropic medication stemmed
2   from multiple relatives who attempted or completed suicide while taking them."  AR 1116.
3   Second, the ALJ's finding as to Plaintiff's "minimal counseling" is similarly contrary to Ninth
4   Circuit precedent.  *See Nguyen v. Chater*, 100 F.3d, 1462, 1465 (9th Cir. 1996) ("'[I]t is a
5   questionable practice to chastise one with a mental impairment for the exercise of poor judgment
6   in seeking rehabilitation.'") (quoting *Blankenship v. Bowen,* 874 F.2d 1116, 1124 (6th Cir.
7   1989)).  Finally, Dr. Hopfenbeck did not opine Plaintiff required or was a candidate for
8   psychiatric hospitalization.  This is not a legitimate inconsistency.  Accordingly, the ALJ erred
9   by discounting the doctor's opinion on this ground.

10  **B.  The ALJ Erred by Discounting Plaintiff's Testimony**

11  The ALJ determined Plaintiff's medically determinable impairments could reasonably be
12  expected to cause the symptoms he alleged and therefore was required to provide "specific, clear,
13  and convincing" reasons supported by substantial evidence to discount his testimony.  *Trevizo v.*
14  *Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

15  The ALJ indicated Plaintiff testified "he had memory issues including remembering his
16  debit card PIN and forgetting driving directions to his home," "he had challenges dealing with
17  his anger/irritability," "he had constant back pain, which limited his ability to do things," and "he
18  had numbness/tingling in his lower extremities that was a 'constant problem.'"  AR 240.  The
19  ALJ further indicated Plaintiff "described his depression symptoms as 'mostly isolation' and not
20  leaving his home."  AR 240.

21  The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence.
22  AR 241-42.  However, because the ALJ erred by discounting Dr. Hopfenbeck's opinion, as
23

ORDER REVERSING THE COMMISSIONER'S
DECISION - 6

discussed above, and the medical evidence must therefore be reevaluated, this is not a valid ground to discount Plaintiff's testimony.

The ALJ also discounted Plaintiff's testimony as inconsistent with his activities. The ALJ indicated Plaintiff, among other things, could "dress himself, shower and bathe without assistance, [and] tend to daily hygiene," "perform[] household chores including cleaning, dishwashing, vacuuming, sweeping and laundry," "did his own shopping," and "watch[es] television and play[s] video games." AR 242. However, Plaintiff's minimal activities do not undermine his claims. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). Further, Plaintiff's minimal activities do not "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603). The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

**C. The ALJ Erred by Discounting Lay Witness Testimony**

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff argues the ALJ erred by discounting his friend's testimony.

The ALJ found Plaintiff's friend's statements "support the claimant's allegations," and discounted them because "they are inconsistent with the medical record." AR 244. Because the ALJ misevaluated the medical evidence, as discussed above, the ALJ erroneously discounted the lay witness testimony on this ground.

**D.  The ALJ Erred by Discounting the VA Rating**

Under the Commissioner's old regulations, an ALJ was required to consider the VA's disability rating, and should "'ordinarily give great weight to a VA determination of disability.'" *Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018) (quoting *McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011)). The ALJ could "give less weight to a VA rating 'if [the ALJ gave] persuasive, specific, valid reasons for doing so that [were] supported by the record.'" *Luther*, 891 at 876-77 (quoting *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009)).

The Commissioner's new regulations eliminate the requirement that the ALJ discuss a VA rating. Under 20 C.F.R. § 404.1504, for claims filed on or after March 27, 2017, the Commissioner "will not provide any analysis in [her] determination or decision about a decision made by any other governmental agency or nongovernmental entity about whether [the claimant is] disabled, blind, employable, or entitled to any benefits." The ALJ must still "consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision" received as part of the Social Security disability claim. *Id.*

Nevertheless, as Plaintiff correctly observes, *see* Dkt. 14 at 14, the ALJ *did* discuss the VA disability decision and offered two reasons for rejecting it: "it has no functional assessment in vocationally meaningful terms" and it "has little probative value because the Social Security Administration (SSA) has different rules governing the definition and assessment of disability."

AR 244. However, the Court need not address either of these reasons because it is unclear from the record whether the ALJ "consider[ed] all of the supporting evidence underlying" the VA's determination. 20 C.F.R. § 404.1504; *see* AR 693 (listing evidence supporting the VA disability decision). Because the Court is unable to "reasonably discern" whether the ALJ complied with the regulation, the ALJ necessarily erred. *See Molina*, 674 F.3d at 1121.

### E. Scope of Remand

This case must be remanded because the ALJ harmfully misevaluated the medical evidence, Plaintiff's testimony, the lay witness testimony, and the VA disability rating. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. Dr. Hopfenbeck's opinion, Plaintiff's testimony, and the lay witness testimony must be reweighed and the evidence underlying the VA disability determination must be considered. The Court cannot perform these functions in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). Further, because the Court remands this case, it need not reach Plaintiff's argument concerning evidence submitted to the Appeals Council or Plaintiff's argument, raised for the first time on reply, concerning the constitutionality of the structure of the Social Security Administration. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should reevaluate Dr. Hopfenbeck's opinion, Plaintiff's testimony, and the lay witness testimony, consider the evidence supporting the VA disability determination, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Dated this 30th day of July, 2021.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge